# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MUNLAKE CONTRACTORS, INC., AND BERKLEY REGIONAL INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:10-CV-1109-DGK |
| BRANTLEY DEVELOPMENTS, L.L.C., AND EAGLE CAPITAL CORPORATION, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

This lawsuit arises out of a series of construction contracts involving buildings at Alcorn State University in Mississippi. There is currently similar litigation involving the parties pending in the United States District Court for the Southern District of Mississippi.

Now before the Court is Defendant Brantley's Motion to Dismiss (doc. 14). Defendants argue this case should be dismissed, or at least stayed, under the first-filed rule. Plaintiffs contend the first-filed rule does not apply because the claims in this litigation are different from those in the Mississippi litigation. The Court holds that because this litigation is parallel to the Mississippi litigation and there are no compelling circumstances which weigh against applying the first-filed rule, the motion is GRANTED.

## Background

On September 14, 2009, Brantley Developments LLC (Brantley) entered into a subcontract agreement with Munlake Contractors, Inc. (Munlake) whereby Brantley agreed to provide labor, materials, and equipment to Munlake for use in Munlake's Alcorn State

University building contract. Soon after, on November 3, 2009, Brantley assigned its accounts receivable to Eagle Capital Corporation (Eagle). On November 5, 2009, Brantley issued Invoice #100709 to Munlake, in the amount of $612,206 for work completed prior to that date. This invoice bore notice of Brantley's assignment of the invoice to Eagle. On this date, Eagle also sent Munlake a notice of sale and Assignment of the Pay Application and Invoice. Prior to executing the Invoice Acceptance Form, Munlake allegedly altered the terms of the form.

Munlake alleges that Brantley subsequently failed to timely complete the required work in accordance with the project's plans and specifications. Munlake then refused to pay Eagle on Invoice #100709 claiming that Brantley had not met the conditions precedent to payment, and, therefore, Eagle was not entitled to payment.

On April 12, 2010, Eagle filed a case against Munlake, Berkeley Regional Insurance Company, and Brantley, among others, in the Circuit Court of Claiborne County, Mississippi. The causes of action included a breach of contract claim against Munlake for failure to pay Invoice #100709 and a breach of contract claim against Brantley for failure to provide an invoice free and clear of any disputes or claims.

On May 28, 2010, the Defendants removed the case to the United States District Court for the Southern District of Mississippi. On June 2, 2010, five days after the case was removed to federal court, Brantley filed an Answer and cross-claim against Munlake in Mississippi state court. Brantley later filed an Answer in federal court attempting to incorporate the earlier-filed cross-claim. The parties dispute whether Brantley's cross-claim is properly before the District Court for the Southern District of Mississippi.

On November 5, 2010, Plaintiffs filed their Complaint against Brantley and Eagle in this Court alleging a breach of contract claim against Brantley arising out of the subcontract between

Munlake and Brantley. Plaintiffs also requested a declaratory judgment regarding their rights and obligations under the Invoice Acceptance Form and Payment Bond.

## Discussion

Defendants move to dismiss this action under the first-filed rule arguing that an identical cross-claim is pending in the Southern District of Mississippi, or, in the alternative, that the cases are substantially similar, revolving around the payment of Invoice #100709.

"[W]here two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The current standard is that the first-filed rule should apply "in the absence of compelling circumstances." *Nw. Airlines*, 989 F.2d at 1005. Therefore, although district courts enjoy wide discretion in applying the first-filed rule, absent compelling circumstances of judicial economy, litigant convenience, or just and effective disposition of case, the first-filed rule will apply. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

    **A. The Court makes no determination whether Brantley's cross-claims are properly before the federal court in Mississippi.**

Defendants argue that the first-filed rule should apply because of the pending litigation in Mississippi. Defendants maintain that this case is "nearly identical" to the Mississippi litigation and that Brantley's purported cross-claim against Munlake in that case addresses the exact same issues raised by the Complaint in this case.

3

Plaintiffs allege that Defendants' Motion to Dismiss mischaracterizes the action filed in the United States District Court for the Southern District of Mississippi.  While Plaintiffs acknowledge that Brantley filed a cross-claim in Mississippi state court alleging breach of contract, they assert that this occurred after removal of the case to federal court thereby rendering the claim null and void.  They also maintain that Brantley failed to include any cross-claims in its Answer to the Complaint for the removed action.   Since there are no claims pending between Munlake and Brantley in the Mississippi litigation, Plaintiffs argue that the "first to file rule" should not apply.

Because this matter can be resolved without determining whether Brantley's May 28, 2010 cross-claim initially filed in state court was incorporated into its Answer filed in the Southern District of Mississippi, the Court makes no determination as to whether Brantley's cross-claims are properly before the Mississippi federal court.

**B.  This litigation is parallel to the Mississippi litigation.**

If Brantley's cross-claim against Munlake for breach of contract is properly before the federal district court in Mississippi, the current breach of contract claim is clearly duplicative.  However, even in the absence of an identical cross-claim, the first-filed rule applies if the plaintiff's suit against the defendant in this district is "'parallel' to a suit in which both parties are co-parties in another district and both suits arise out of essentially the same actionable event."  *Merrick Bank Corp. v. Savvis, Inc*., No. 4:08CV00674,  2008 WL 5146660, at *2 (E.D. Mo. Dec. 8, 2008).

Under the rule, a district court has discretion to dismiss a case even if the cases are not identical if they have issues that substantially overlap.  *Monsanto Tech. L.L.C. v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002).

Here, both actions arise out of the subcontract between Munlake and Brantley, involving either Brantley's alleged failure to perform on the contract or Munlake's subsequent failure to pay Eagle for this performance. In the Mississippi litigation, Eagle alleges that Munlake breached its contract by failing to pay Invoice #100709 and that Brantley breached its contract by failing to provide Eagle with an invoice free from claims or defenses. In the present action, Munlake alleges that Brantley breached its contract by failing to perform, thereby relieving Munlake of its responsibility to pay Eagle on the invoice. Munlake also seeks a declaratory determination on the rights and obligations it owes to Brantley and Eagle under Invoice #100709. Thus, resolution of Eagle's breach of contract claim against both Munlake and Brantley in the Mississippi litigation necessarily involves the very issue at stake in this case—determination of whether Brantley breached its subcontract with Munlake.

**C. There are no compelling circumstances here which weigh against applying the first-filed rule.**

In the absence of compelling circumstances, the first-filed rule should apply. *Clockwork Home Sers., Inc. v. Robinson*, 423 F. Supp. 2d 984, 992 (E.D. Mo. 2006). The Eight Circuit has identified two "red flags" that may signal the existence of compelling circumstances: "(1) the first-filed suit was filed after the other party gave notice of its intention to sue; and (2) the first-filed suit is for declaratory judgment, rather than for damages or equitable relief, therefore suggesting a 'race to the courthouse' in an attempt to preempt the natural plaintiff from his or her choice of forum." *Clockwork*, 423 F. Supp. 2d at 992.

Here, there are no red flags suggesting the existence of compelling circumstances. Eagle commenced suit approximately seven months before Plaintiffs filed in this case, and Brantley raised the issue of breach of contract five months prior to the commencement of this action,

thereby suggesting that both Eagle and Brantley filed long before Munlake gave notice of its intention to sue. In addition, Eagle's initial suit is strictly seeking monetary damages whereas Munlake is the party seeking a declaratory judgment. Thus, there is no indication that Eagle was engaged in a "race to the courthouse."

> **D. Applying the first-filed rule here does not prevent Munlake from choosing its forum.**

Finally, Plaintiffs rely on *Merrick v. Savvis* arguing that applying the first-filed rule would improperly preclude Munlake from choosing its forum, transforming what should be a permissive counterclaim under Federal Rules of Civil Procedure 13(g) into a compulsory counterclaim. In *Merrick*, the court considered applying the first-filed rule to an action where parties were co-defendants in a previously filed matter. In rejecting the rule's application, the court reasoned that allowing the first-filed suit to preempt the later filed suit would "essentially transform Plaintiff's claim in the present case into a compulsory cross-claim" in the original suit, contravening the permissive language of Fed. R. Civ. P. 13(g). *Merrick*, 2008 WL 5146660, at *2.

The facts of this case, however, are distinguishable from *Merrick*, since Eagle's claims against both Munlake and Brantley in the Mississippi litigation require resolution of the very issue at stake in the case before the Court. In *Merrick*, although the claims brought in the second case arose from the same series of transactions as the claims in the first case, resolution of the first case did not necessarily decide the issues in the later litigation. Because here, resolution of the Mississippi litigation will involve a determination of whether Munlake or Brantley breached their contract, the issues decided by the first case will be determinative of the controversy in the case at hand. In addition, in *Merrick*, the parties were seeking monetary damages. Here,

6

Munlake seeks a declaratory judgment. Federal courts have greater discretion to abstain in an action where a party seeks relief under the Declaratory Judgment Act. *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008).

Thus, Plaintiffs' breach of contract claim in this case against Brantley substantially overlaps with the litigation currently pending in the United States District Court in the Southern District of Mississippi. As such, both cases will involve similar discovery, witnesses, and testimony. Applying the first-filed rule here furthers the interests of justice in promoting judicial efficiency and avoiding duplicative litigation.

**Conclusion**

The Court holds this litigation is parallel to the Mississippi litigation and that there are no compelling circumstances which weigh against applying the first-filed rule. Consequently, Defendant Brantley's Motion to Dismiss (doc. 14) is GRANTED.

**IT IS SO ORDERED.**

Date: September 12, 2011        /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT